State v. Babcock, 22 N. M. 678.

[No. 1925.   August 20, 1917.]
## STATE v. BABCOCK.

### SYLLABUS BY THE COURT.

1.   There was no error in denying the request made by the attorney for the defendant to let the jury upon retiring for deliberation take with them diagrams or maps which had been used in the trial of the cause and offered in evidence.   P. 679

2.   Questions, not jurisdictional, not presented to trial court in the motion for new trial, will not be considered on appeal.
P. 682

3.   Where a verdict is supported by substantial evidence, it will not be disturbed upon appeal.        P. 682

4.   Maps and diagrams showing the location and scene of crime are not "instruments of writing" within the meaning of Cope 1915, § 4469, providing that "when the jury retires to consider its verdict, it shall be allowed to take * * * any instruments of writing admitted as evidence, except depositions."        P. 680

Appeal from District Court, Socorro County; Neblett, Judge.

Lawrence R. Babcock was convicted of an assault with a deadly weapon, and he appeals.   Affirmed.

M. C. Spicer of Socorro and H. A. Wolford of Hillsboro for appellant.

Court should have permitted jury to take exhibits with them in the jury room.

Sec. 4469, Code 1915; Terr. v. Eagle, 15 N. M. 609; 4 Words & Phrases, 3666; 8 Words & Phrases, 7544; Cardenas v. Miller, 49 Am. Dec. 88; Doctor Jack v. Terr., 3 Pac. 832; McMahon v. Iowa Ice Co., 114 N. W. 203; State v. Young, 110 N. W. 292; Western & A. R. Co. v. Stafford, 25 S. E. 656; Sargent v. Lawrence, 40 S. W. 1075; Koosa v. Warton, 48 So. 544; State v. Shaw, 50 Atl. 863; Mc-

Coy v. People, 51 N. E. 777; State v. Wetherhill, 40 Ark. 728; Burton v. State, 22 So. 585; Ill. M. Co. v. Raff, 7 N. M. 336; 38 Cyc. 1831; Mooney v. Hough, 4 So. 19 (Ala.) ; Clark v. Phoenix Insurance Co., 36 Cal. 168; Collins v. Frost, 54 Ind. 242; Phillips v. Chase, 87 N. E. 755; 131 Am. St. Rep. 406 (Mass.) ; Hanger v. Impoden, 12 Mo. 85; Gable v. Rauch, 27 S. E. 555 (S. C.) ; San Antonio, etc. R. Co. v. Barnett, 34 S. W. 199 (Tex.) ; 46 Cent. Dig. tit. "Trial," 732-737; See note under applications of rule, 38 Cyc. 831; Brockman v. Chicago Ry. Co., 133 N. W. 969 (Minn) ; Biard, etc. v. Tyler Bldg. Ass'n, 147 S. W. 1168 (Tex.) ; Curtsinger v. McGown, 149 S. W. 303 (Tex.) ; Texas Co. v. Turner, 182 S. W. 357 (Tex.) ; Trinity & S. Ry. Co. v. Lunsfard, 183 S. W. 112 (Tex.) ; 5 Ency. of Ev. 461-463.

Harry S. Bowman, Assistant Attorney General for the State.

(Devoted to question of appellate practice.)

### STATEMENT OF FACTS.

The appellant, Lawrence R. Babcock, was indicted at the September, 1915, term of the district court in the county of Socorro, charged with assault with intent to kill and assault with a deadly weapon upon one Hoy Bonnett. Trial was had at the said term of the district court in said county, and the appellant was found guilty of assault with deadly weapon, and fined in the sum of $500 and the costs of the prosecution. From which judgment of the district court this appeal is prosecuted.

### OPINION OF THE COURT:

HANNA, C. J.[1] There are several assignments of error, only one of which is of importance. It is contended that the district court erred in refusing defendant's request to allow certain exhibits introduced as evidence in the case to be taken to the jury room upon the retirement of the jury. These exhibits consisted of a knife offered in evidence by the defendant and of a map or diagram offered by the state for the purpose of showing the location and scene

of the trouble, also a map or diagram offered by the defendant for the purpose of correcting a mistake which it was alleged appeared in the exhibit offered by the State. Appellant contends that under the authority of section 4469, Code 1915, the duty was mandatory upon the court to send the maps or plats and other exhibits to the jury room for the jury's consideration. The section of the statute referred to reads as follows:

"Sec. 4469: When the jury retires to consider its verdict, it shall be allowed to take the pleadings in the cause, the instructions of the court, and any instructions of writing admitted as evidence, except depositions."

[4] It is here contended that the two maps or diagrams showing the scene of the assault, and which doubtless could only be considered in connection with the evidence of the witness who had prepared the same, if not the evidence of other witnesses, are "instruments of writing," which it was the duty of the court to send to the jury room, upon request of counsel for defendant. Appellant relies very largely upon a decision by the Supreme Court of Washington in the case of Dr. Jack v. Territory, 2 Wash. T. 101, 3 Pac. 832, which decision is based upon a statute, it is contended similar to ours. The Washington statute, however, reads as follows:

"Upon retiring for deliberation, the jury may take with them the pleadings in the cause, and all papers which have been received as evidence, on the trial (except depositions), or copies of such parts of public records or private documents given in evidence as ought not, in the opinion of the court, to be taken from the person having them in possession." Code 1881, § 231.

It is to be noted that the Washington statute permits the taking of all papers which have been received as evidence in the trial. This, in our opinion, is a broader term than "Instruments of writing." The term "instrument" is defined in the New Standard Dictionary as "a writing acknowledging or certifying to a claim, or recording the terms of a contract, deed, or grant." Bouvier's Law Dictionary defines "instrument" in the following language:

State v. Babcock, 22 N. M. 678.

"A document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right; a writing executed and delivered as the evidence of an act or agreement. The writing which contains some agreement, and is so-called because it has been prepared as a memorial of what has taken place or been agreed upon. It includes bills, bonds, conveyances, leases, mortgages, promissory notes, and wills, but scarcely accounts, ordinary letters or memoranda."

The Territorial Supreme Court in the case of Territory v. Dick Eagle, 15 N. M. 609, 110 Pac. 862, 30 L. R. A. (N. S.) 391, Ann. Cas. 1912C, 81, had under consideration the admission of a dying declaration in evidence under the terms of the statute referred to. The dying declaration in question had been reduced to writing and was permitted to go to the jury. The Territorial Supreme Court said in its opinion, speaking through Mr. Justice Wright:

"It could not be contended for a moment that a witness could be introduced into the jury room after the case had been closed. The same argument would apply with equal force to the deposition of a witness, under the rule laid down in the Washington case cited, supra (State v. Moody, 18 Wash. 165, 51 Pac. 359), a dying declaration has all the essential characteristics of a deposition. If permitted in the jury room for examination and investigation by the jurors, being all of the evidence of that particular witness, it gives undue prominence and weight to the evidence of the deceased, and clearly comes within the ban of the statute cited, supra."

Our territorial court held that it was error to permit the dying declaration which had been reduced to writing to be taken to the jury room for investigation. We appreciate that a map or diagram of the scene of the difficulty would not be a deposition, yet it is subject to all the infirmities of a deposition, and the same objections which would apply to the admission of a deposition would also apply to the map or diagram in the hands of the jury. In the case of Lytle v. Lytle, 37 Ind. 281, the Supreme Court said:

"Deeds, mortgages, bonds, written contracts, promissory notes bills of exchange, etc., are written instruments, judgments are in writing, but are not usually called written instruments."

Mr. Bishop in his New Criminal Procedure, vol. 1, § 982a, observes:

"The jury may take to their room, on retiring to determine their verdict, no books or papers, not even those used in evidence and commented on by counsel and the court, without the permission of the judge."

He concluded the paragraph in question by the statement that "in some of the states, these questions are more or less adjusted by statutes." We do not find, however, in our statute upon this subject an intention to broaden the rule further than we have observed, and we do not believe that a map or diagram of the character referred to falls within a designation of "instruments of writing" which our statute provides should be allowed to go to the jury. We therefore hold that there was no error in denying the request made by the attorney for the defendant to let the jury, upon retiring for deliberation, take with them diagrams or maps, which had been used in the trial of the cause and offered in evidence. The appellant has not argued the phase of the question pertaining to the knife, and we consider that he has not raised any objection to the ruling of the trial court with respect thereto.

[2]    The appellant argues that the trial court was in error: First, in permitting a witness to testify that Bonnett had told him that the appellant had struck Bonnett, and that he was badly hurt and should get a doctor; and, second, in refusing to sustain appellant's motion to take from the jury the testimony of a witness relative to a telephone conversation between the witness and the daughter of the defendant. Whether the action of the court in regard to these matters was erroneous is not a proper subject for our consideration, the point not having been presented to the trial court in the motion for a new trial. State v. Pino, 21 N. M. 660, 663, 158 Pac. 131.

[3]    It is finally urged that the verdict of the jury is contrary to the law because the evidence of the state is insufficient to sustain the same. We cannot agree with this contention. The verdict is supported by the evidence of

State v. Babcock, 22 N. M. 678.

the complaining witness. We have so frequently held that where a verdict is supported by substantial evidence it will not be disturbed upon appeal that we do not deem it necessary to cite authority.

Finding no error in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER and ROBERTS, JJ., concur.