412 P.2d 389

Dora BACA, Administratrix of the Estate of Eligio Figueroa, deceased, and Manuel Luna, Plaintiffs-Appellants and Cross-Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BERNALILLO, Defendants-Third Party Plaintiffs-Appellees and Cross-Appellants,

Jewell Britt, Gerald D. Britt and Gordon L. Powers, co-partners d/b/a Britt Electric Co., Defendants-Appellees.

Rita NEVANS (Now Mrs. Harry S. Sims, Jr.) and Harry S. Sims, Jr., Plaintiffs-Appellants and Cross-Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BERNALILLO, Defendants-Third Party Plaintiffs-Appellees and Cross-Appellants,

Jewell Britt, Gerald D. Britt and Gordon L. Powers, co-partners d/b/a Britt Electric Co., Defendants-Appellees.

No. 7783.

Supreme Court of New Mexico.

March 21, 1966.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellants Baca and Luna.

Schall, Sceresse & Brown, Albuquerque, for appellant Nevans.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for Board of County Com'rs.

COMPTON, Justice.

This is an action in tort. On September 20, 1959, an automobile traveling in a northerly direction and an automobile traveling in an easterly direction collided at the intersection of Bridge Street, S.W. and Atrisco Road, S.W., in Bernalillo County. The traffic signal light was not properly functioning at the time. It showed green for eastbound traffic approaching the intersection but showed no light at all for northbound traffic approaching the intersection. The driver of the northbound vehicle, Eligio Figueroa, was killed and his passenger, Manuel Luna, sustained serious injuries. The driver of the eastbound vehicle, Charles Skrobarczyk, and his passenger, Rita Nevans (Sims), also sustained injuries.

The basis of the plaintiffs' claim for damages is the negligence of the Board of County Commissioners allegedly having knowledge of the malfunctioning light and their failure to repair it. Three suits were filed; the causes were consolidated for all purposes and, from a judgment based upon the verdict of a jury in favor of the Board, the plaintiffs have appealed, and the Board has cross-appealed.

On a former appeal, judgment on one phase of the case has been affirmed. Baca v. Britt, 73 N.M. 1, 385 P.2d 61. The Board of County Commissioners had brought in the members of the copartnership of Britt Electric Co. as third-party defendants. The Board alleges that the negligence of Britt Electric Co. was the proximate cause of the accident in question and that it was answerable to the county for any judgment that might be obtained against the county.

The first question posed is whether the court erred in refusing to permit the jury to consider the question of insurance coverage and in refusing to permit the insurance policy to be taken to the jury room during the deliberation of the jury.

Four statutes are pertinent here:

Section 21–8–23, N.M.S.A., 1953 Comp.:

"When the jury retires to consider its verdict it *shall* be allowed to take the pleadings in the cause, the instructions of the court, and *any instruments of writing* admitted as evidence, except depositions." (Emphasis ours.)

Section 5–6–18, N.M.S.A., 1953 Comp. (Supp.1965):

"The purpose of this act [5–6–18 to 5–6–22] shall be to provide a means for

recovery of damages for death, personal injury or property damage, resulting from the employer's or employee's negligence, which occur during the course of employment for state, county, city, school district, district, state institution, public agency or public corporation, its officers, deputies, assistants, agents and employees."

Section 5–6–20, N.M.S.A., 1953 Comp. (Supp.1965):

"Suits may be maintained against the state, county, city, school district, district, state institution, public agency, or public corporation of the state and the persons involved for the negligence of officers, deputies, assistants, agents or such employees in the course of employment; Provided, however, no judgment shall run against the state, county, city, school district, district, state institution, public agency or public corporation of the state unless there be liability insurance to cover the amount and cost of such judgment."

Section 5–6–21, N.M.S.A., 1953 Comp. (Supp.1965):

"The plaintiff shall upon demand by the defendant waive the amount of any judgment recovered against the state which is not covered by liability insurance."

The Board at first took the position that while it had certain coverage, its policy did not afford coverage for the accident in question. In order to obtain a ruling on the question before trial on the merits, the Board moved for nonsuit and attached a copy of the policy to its motion. At a hearing on the motion, the policy was introduced into evidence by the Board. The court concluded that the policy afforded coverage, overruled the motion and proceeded to trial by jury.

The appellants contend that the policy having once been introduced into evidence, it should go to the jury during their deliberation. The court did not err in its ruling. The policy was never received into evidence at the hearing on the merits. Whether the Board had liability coverage was a preliminary question to be determined solely by the court. Without coverage the county was immune from suit. The term "any instrument in writing," as contemplated by the statute, means any instrument which is the basis of the action. State v. Babcock, 22 N.M. 678, 167 P. 275; State v. Lord, 42 N.M. 638, 84 P.2d 80. The basis of appellants' action is the county's alleged negligence in failing to repair the light.

The appellants further complain that the court erred in failing to instruct the jury that the Board was negligent as a matter of law in permitting the northbound light to remain inoperative, *after notice*. They offered evidence showing that the light was inoperative from 3:30 p. m. Friday, Septem-

ber 18th, through Sunday, September 20th, at 5:00 p. m. when the collision occurred.

Appellants' tendered instruction reads:

"25—I instruct you that the Defendant The Board of County Commissioners of Bernalillo County, has been shown by the evidence to have been negligent as a matter of law; I further instruct you that the two passengers, Rita Nevans Sims and Manuel Luna, were not contributorily negligent as a matter of law on the evidence presented to you; I, therefore, instruct you to return your verdict in favor of Rita Nevans Sims and Manuel Luna in such amount as you find from the evidence, and pursuant to my other instructions you find them entitled to as damages."

■ Whether the Board had notice of the malfunctioning light is not undisputed. Cleto Duran testified that he reported the malfunctioning light at about 3:15 p. m. September 18th to some unidentified person at the county road department. A. E. Clause, a state policeman who investigated the collision, reported the malfunctioning light September 19th to the state police. Bert Terrazas, a deputy sheriff, testified that he reported the defective light to Harold Muncey, desk sergeant and radio operator for the sheriff's department on September 18th and 19th. Harold Muncey testified that deputy sheriff Dawson also had made a similar report to him on Fri-

day the 18th. To substantiate his testimony Muncey stated that he kept radio logs for the days in question; that he was positive that the logs would show that both deputies had called him about the light and that he had passed their reports to Britt Electric Co., but the logs had been lost. But, before the trial was concluded, the logs were found and offered into evidence. The logs contradict officer Muncey's testimony on the question of notice. They did not reflect the reports claimed to have been made by the deputies to Muncey regarding a malfunctioning light on September 18th or 19th at Bridge Street and Atrisco Road, nor did they show that Muncey had notified Britt Electric Co. The logs do, however, show a report to Muncey on Monday, September 21st, respecting a malfunctioning light at a different intersection. Further, Jewell Britt of the Britt Electric Co. testified the first information his company had concerning the malfunctioning light was Monday, September 21st, shortly after 8:00 a. m., and that it was repaired by his company shortly thereafter. We think this evidence presented a jury question

■ Assuming, however, that the evidence was sufficient to show that the Board was negligent as a matter of law, the instruction requested is incomplete "in failing to state that if such negligence was a proximate cause of the collision then the defendant was liable for the resulting

damage." Hartford Fire Insurance Company v. Horne, 65 N.M. 440, 338 P.2d 1067.

The conclusion reached disposes of other questions argued by appellants and the cross-appeal. The judgment should be affirmed and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.