482 P.2d 916

The STATE of New Mexico, Plaintiff-
Appellee,

v.

Lester Ray DICKSON, Jr., Defendant-
Appellant.

No. 509.

Court of Appeals of New Mexico.

March 5, 1971.

David W. Bonem, Clovis, for defend-
ant-appellant.

James A. Maloney, Atty. Gen., Ray
Shollenbarger, Asst. Atty. Gen., Santa Fe,
for plaintiff-appellee.

## OPINION

WOOD, Judge.

We reverse defendant's conviction of
armed robbery. Section 40A–16–2, N.M.
S.A.1953 (Repl.Vol. 6), because the trial
court improperly admitted defendant's in-
criminating statement.

Defendant was arrested in Oklahoma
City and returned to Clovis, where he was
tried. On the automobile trip to Clovis, he
made incriminating statements. These
statements were held inadmissible as evi-
dence under Miranda v. Arizona, 384 U.S.
436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.
R.3d 974 (1966). Within two hours after
arriving in Clovis, defendant made another
incriminating statement which was tape
recorded. Defendant's appeal involves the
admission into evidence of portions of this
later statement.

The tape recorded statement was made
after defendant had shown officers where
he had left some clothing in a field, and
after defendant had been taken before a
magistrate and apparently advised of his
rights by the magistrate. The recorded
statement was made in the presence of one
of the officers who obtained the prior
statements in violation of Miranda v. Ari-
zona, supra.

In connection with this later statement,
defendant signed a "Waiver of Rights."
In this later statement, defendant acknowl-
edges that he doesn't have to make a state-
ment; that the statement is voluntary.
Toward the end of the tape defendant
states, "this is of my own free will," and
acknowledges he had refused a lawyer.
The statement's contents show defendant
had had prior experience with law enforce-
ment officers.

In admitting portions of the recorded
statement, the trial court found there was

a sufficient lapse of time between the earlier statements and the recorded statement so that the violation of *Miranda* in connection with the earlier statements "* * * does not automatically make his later oral statement inadmissible in view of the proper warning given to him before his last statement at the Clovis Police station. Also, it appears from the—a portion of his later statement, which has been excised from the transcript [of the recorded statement], that this man had prior experience in matters of this sort that would have a bearing on whether or not he understood his rights under the situation that obtained. * * *"

Subsequently, the record shows:

"MR. BONEM: So that the record is clear, the defendant has not waived his previous objection to the confession as a fruit of the poison tree * * * we are objecting to it also on the grounds that it was taken following a statement taken in violation of the Miranda ruling.

"THE COURT: I understand, but there has been no evidence to support this contention that I know of. * * *"

In our opinion the rule to be applied in this situation—where the earlier statements are inadmissible and a later statement has been made—appears in State v. Chaves, 27 N.M. 504, 202 P. 694 (1921). In that case, where the first confession was involuntary, the New Mexico Supreme Court stated:

"* * * [I]f a confession has been made under circumstances rendering it involuntary, a presumption exists that a second confession is the result of the prior influence, and this must be overcome before the second becomes admissible. * * *"

Applying *Chaves* to this case, the later incriminating statement may not be used unless it is established that the later statement was not the exploitation of the earlier illegally obtained incriminating statements, and unless the later statement was obtained under circumstances sufficiently distinguishing to purge it from the taint of the earlier illegal statements. See Commonwealth v. Banks, 429 Pa. 53, 239 A.2d 416 (1968); Bunting v. Commonwealth, 208 Va. 309, 157 S.E.2d 204 (1967). Specifically, in the circumstances of this case, defendant's later statement was presumptively inadmissible, and the State had the burden of establishing its admissibility. Compare State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

The trial court's ruling that there was no evidence establishing the later statement as "fruit of a poisoned tree" is not pertinent. Even without such an affirmative showing, the later statement, taken after statements had been obtained illegally, was presumptively inadmissible.

Further, in considering the circumstances pertaining to obtaining the recorded statement, the trial court appears to have proceeded on the basis that defendant understood his rights "under the situation that obtained." That is insufficient. Once the circumstances established the relationship of the later statement to the earlier illegally obtained statements, the fact that defendant may have understood his rights at the time of the later statement does not make the later statement admissible. For the later statement to be admissible, it must also be established that the later statement is *not* the exploitation of the prior illegal statements and that burden is on the State.

The evidence that the trial court considered in admitting portions of the recorded statement is insufficient to overcome the presumption of inadmissibility. The trial court refers to the lapse of time between the illegal statements and the recorded statement. The record does not show exactly when the illegal statements were obtained; only that they were obtained sometime on the ride from Oklahoma City to Clovis. The lapse of time between the later recorded statement and the earlier illegal statements may have been as little as one hour forty-five minutes, or it may have been more. We do not know.

The trial court referred to the advice of rights form signed by defendant and the fact that defendant had been "properly advised" of his rights before making the recorded statement. It also referred to the contents of the recorded statement. Therein defendant declares that the statement was his free will and voluntary; that he knew what he was doing and had rejected a lawyer. Further, the trial court referred to defendant's prior experience. These items do not show that the recorded statement was *not* the exploitation of the earlier illegally obtained statements. The State did not meet its burden of overcoming the presumptive inadmissibility of the recorded statement. Compare State v. Chaves, supra.

The case is reversed and remanded with instructions to grant defendant a new trial.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.