494 P.2d 619

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eddie P. VALLES, Defendant-Appellant.**

**No. 807.**

Court of Appeals of New Mexico.

Feb. 11, 1972.

Leon Taylor, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of three counts of armed robbery, defendant appeals. Section 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6). The issues concern: (1) inspection of grand jury minutes; (2) refusal to allow exhibits in jury room; and (3) fundamental error.

*Inspection of grand jury minutes:*

On the first trial day the jury was selected and one witness was examined. At the beginning of the second trial day, defendant demanded the production of the grand jury minutes. The request was denied.

State v. Morgan, 67 N.M. 287, 354 P.2d 1002 (1960) states: "* * * the defendant should be accorded the opportunity to examine the transcript of the testimony of the witnesses when the same is used in the trial * * *." Defendant asserts he "* * * sought production of the grand jury minutes after the direct examination of one of the state's witnesses who had gone before the grand jury. * * *" The claim is incorrect. The demand for production of the grand jury minutes did not occur until after one witness had completed his testimony and came at a time when no witness was on the stand. Further, nothing in the record shows the grand jury minutes were used at the trial.

State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R.3d 1 (1967), cert. denied 390 U.S. 1026, 88 S.Ct. 1414, 20 L.Ed.2d 283 (1968) discusses another situation when a defendant is accorded the opportunity of inspecting grand jury minutes. That situation is where defendant has shown a "particularized need." Defendant asserts a particularized need was brought to the trial court's attention; his demand was "* * * so that I might make proper cross examination of all [of the State's] witnesses." Such a request is not "particularized;" it is a general request similar to the request held to be insufficient in State v. Tackett, supra.

Defendant also relies on a statement in State v. Morgan, supra, that: "* * * [t]he state has no interest in denying the accused access to all evidence that can throw light on issues in the case. * * *" He argues that disclosure of grand jury minutes should be accorded to aid the search for the truth. This argument attacks the policy of secrecy of grand jury minutes; that policy was affirmed in State v. Morgan, supra, and State v. Tack-

ett, supra. Defendant is required to bring himself within the disclosure situations of the *Morgan* and *Tackett* cases. Not having done so, denial of his demand was not error and the timeliness of defendant's demand need not be discussed. State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct.App. 1970).

*Refusal to allow exhibits in jury room.*

While the jury was deliberating as to its verdict, it requested that "the exhibits" be sent into the jury room. Over defendant's objection, the request was denied. Defendant claims the trial court's action denied him a fair trial at its final and crucial stage "* * * since the exhibits included writings which tended either to prove or disprove identity and presence of the accused. *. * *"

State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938) states:

"* * * it is the general rule of modern practice, in the absence of a statute, that when the jury in a criminal case retires to deliberate on their verdict, they may take with them such books and papers as have been introduced in evidence, as the court in the exercise of a sound discretion may permit whether it be a writing or other exhibit * * *; except in many jurisdictions, even in the absence of a statute, it is held to be error for the jury to have depositions in the jury room during their deliberations. * * *"

The New Mexico statute, § 21–8–23, N.M.S.A.1953 (Repl.Vol. 4) reads:

"When the jury retires to consider its verdict it shall be allowed to take the pleadings in the cause, the instructions of the court, and any instruments of writing admitted as evidence, except depositions."

In regard to this statute, State v. Lord, supra, states:

"This statute has been construed both by the territorial Supreme Court and this court. It does not change the general rule, except to make it mandatory upon the trial court to permit the jury to take

to the jury room all 'instruments of writing' except depositions."

To the extent it was within the trial court's discretion, under the general rule, to refuse to allow the exhibits to go to the jury room, there was no error. No abuse of discretion is shown.

Defendant relies on the mandatory provisions of § 21–8–23, supra, and Baca v. Board of County Commissioners, 76 N.M. 88, 412 P.2d 389 (1966). *Baca* states that "any instrument in writing" in § 21–8–23, supra, "* * * means any instrument which is the basis of the action. * * *" Defendant claims that certain of the exhibits, pertinent to defendant's presence at the scene of the crimes and his identity, should be considered as the basis of the criminal prosecution. We do not answer this contention because the exhibits do not qualify as "instruments in writing" under § 21–8–23, supra.

State v. Lord, supra, states:

"We held in State v. Babcock, supra, [22 N.M. 678, 167 P. 275 (1917)] that 'instruments of writing,' as used in the statute, had reference to such instruments as deeds, mortgages, bonds, contracts, notes, bills of exchange, etc., which are the subject of the action; *and not merely written evidence.* This must be so, as otherwise this mandatory statute would deprive the trial court of discretion to withhold from the jury room writings other than depositions, though unjust or unfair to send them." [Our emphasis].

The exhibits in this case consist of photographs, a composite drawing and information concerning a person wanted by the police, the statement of a witness, a physical description of a suspect, a line-up record, drawings, blueprints, and an application for a building permit. None meet the definition of an "instrument in writing" as declared in State v. Lord, supra.

It was not mandatory upon the trial court to allow the exhibits to go to the jury room. There being no abuse of discretion, the claim is without merit.

*Fundamental error.*

Relying on evidence of the physical description of the criminal and on evidence of an alibi which, if believed, exonerated the defendant, it is claimed that defendant's guilt is so doubtful that it would shock the conscience to permit the conviction to stand. Thus, defendant asserts his convictions are fundamental error. See State v. Browder, 83 N.M. 238, 490 P.2d 680 (Ct.App.1971); State v. Torres, 78 N. M. 597, 435 P.2d 216 (Ct.App.1967).

Having reviewed the evidence, we disagree. Although the evidence is conflicting, the credibility of the witnesses and the weight to be given their testimony was for the jury to determine. State v. Torres, supra. There is substantial evidence to support the verdict; it does not shock the conscience to affirm the convictions.

The judgment and sentences are affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.

COWAN, J., not participating.