## STATE v. BERT ERNEST DABY.

197 N. W. 2d 670.

May 5, 1972—No. 42529.

*C. Paul Jones*, State Public Defender, and *Rosalie E. Wahl*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Keith M. Brownell*, County Attorney, and *Robert E. Lucas*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

Rogosheske, Justice.

Appeal from a judgment entered upon a jury verdict finding defendant guilty of a charge of aggravated rape. Minn. St. 609.291.

The issues raised are (1) whether the verdict is supported by sufficient evidence; and (2) whether defendant was denied a fair trial upon his claims that the trial judge erred in (a) the admission of certain physical evidence, (b) conferring privately with the young victim during the course of cross-examination by defense counsel, and (c) refusing to answer the jury's written question as to his recollection of certain medical testimony. We affirm.

The victim, a 12-year-old girl who lived with her parents in Duluth, was returning home on her bicycle in a late afternoon in June. She took a shortcut on a sidewalk which extends about 2 blocks through a wooded area and terminates at the Morgan Park bridge. When she reached the midpoint of the shortcut, a man who had a handkerchief covering his nose and mouth suddenly stopped her and, threatening her and brandishing a knife, forced her into the woods, where he sexually assaulted her.

On the issue of the sufficiency of evidence to establish the critical elements of penetration and the identity of defendant as the assailant, the victim's version of the offense and her unequivocal in-court identification of defendant as the assailant were corroborated by the victim's appearance, conduct, and report of the attack to others, including her parents, immediately following its occurrence; Dr. Richard Rowe's testimony of the results of her prompt medical examination; defendant's physical appearance, including the wristwatch he was wearing when arrested 4 hours after the incident; and "trace evidence" of grass stains, soil, and blood found upon the victim's and defendant's clothing, as testified to by a criminologist of the State Bureau of Criminal Apprehension—all of which evidence amply sustains the jury's finding of guilt.

With respect to the trial judge's conduct of the trial, upon our careful review of the record, we find no error which prejudiced any of defendant's substantial rights. Defendant, claiming prejudice, argues that numerous items of clothing were erroneously admitted into evidence since they lacked proper foundation and probative value. However, except when those elements are entirely absent, they bear on the weight of the evidence rather than its admissibility. See, 1 Underhill, Criminal Evidence, § 116. The judge's private conference with the victim, scrupulously kept secret from the jury, was not conducted to influence her testimony or to advocate the cause of either the prosecution or defense but, as the record establishes, was necessary in order to ensure effective instructions to the young victim that it was her duty on cross-examination as well as on direct examination to answer questions as to the specific details of the attack despite any embarrassment that she might suffer. Moreover, the conference was agreed to by both counsel.

Finally, it was upon defense counsel's objection and the agreement of the prosecutor following a chambers conference that the trial judge refused to answer the following written question submitted to him by the jury in the course of its deliberations:

"Was there an indication of semen in the smears taken from [the victim] by Dr. Rowe and examined by the radiologist at St. Luke's, Dr. Goldschmidt?"

Since the question, viewed literally, merely asked the judge to recall and repeat his recollection of the testimony, the court's refusal even without agreement of counsel as to the answer can easily be justified. However, as the record reveals, the question was understood by the judge and counsel as requiring the judge to order the court reporter to read a portion of the testimony. Since counsel agreed it should not be done, defendant's belated claim, based upon Minn. St. 631.11, that the court erred in de-

claring he had no authority to supply the requested information is, at most, harmless error.[1]

Should the problem arise in the future that a jury, during deliberations, requests to review certain testimony, it may be noted that, absent agreement of counsel, the proper procedure, which appears to embody the legislative intent underlying § 631.11, is set forth in A. B. A. Standards for Criminal Justice, Trial by Jury, § 5.2 (Approved Draft, 1968) as follows:

"Jury request to review evidence.

"(a)   If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, they shall be conducted to the courtroom. Whenever the jury's request is reasonable, the court, after notice to the prosecutor and counsel for the defense, shall have the requested parts of the testimony read to the jury and shall permit the jury to reexamine the requested materials admitted into evidence.

"(b)   The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested."

See, also, the *Commentary* accompanying the above standard, which emphasizes the limited discretion of the trial judge with respect to (b).

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] Minn. St. 631.11 provides: "After the jury has retired for deliberation, if there shall be a disagreement as to any part of the testimony, or a desire for information upon any point of law arising in the cause, it may require the officer to conduct it into court. Upon being brought into court, the information required shall be given in the presence of, or after notice to, the prosecuting officer and the defendant or his counsel."