510 P.2d 109

STATE of New Mexico, Plaintiff-Appellee,
v.
John A. ROSS, Defendant-Appellant.
No. 1092.

Court of Appeals of New Mexico.
May 4, 1973.

Joseph D. Beaty, Donald Klein, Jr., Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Jay F. Rosenthal, Sp. Asst. Atty. Gen., for appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of bribery of a witness in violation of § 40A–24–3(A), N.M.S.A.1953 (2d Repl.Vol. 6). The dispositive issue concerns the trial court allowing the jury to listen to a tape recording after the case had been submitted to the jury for decision.

A portion of a tape recording was admitted into evidence, over defendant's objection, and played to the jury. The tape is of a conversation involving several persons. There is evidence that one of the voices recorded on the tape is the voice of defendant.

When the State rested its case, a juror informed the court that the jury did not hear " . . . more than about five percent of what was on that tape, if they heard that much." The portion of the tape which was in evidence was then played a second time. Defendant did not object to this second playing.

After the case had been submitted to the jury, and after the jury had been deliberating approximately one and one-half hours, the trial court received a note from a juror. The note read: " 'Would it be possible to hear the tape again.' " Over defendant's objection, the trial court ruled the tape would be sent to the jury. The record shows that the portion of the tape which had been admitted into evidence was played to the jury, in the jury room, in the presence of the trial judge and counsel. The record also shows that forty minutes after the trial judge received the juror's note the jury returned its verdict of guilty.

This case is the opposite of State v. Valles, 83 N.M. 541, 494 P.2d 619 (Ct. App.1972). In *Valles,* supra, the trial court refused a request that exhibits be sent to the jury while it was deliberating. In holding refusal of the request was not error, we relied on State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938).

State v. Lord, supra, states a general rule that it is discretionary for the trial court to allow the jury to take exhibits to the jury room when the jury retires to deliberate on its verdict. *Lord,* supra, states that § 21–8–23, N.M.S.A.1953 (Repl.Vol. 4) does not change the general rule except to make it mandatory upon the trial court to permit the jury to take instruments in writing to the jury room, except depositions. *Lord,* supra, points out that § 21–8–23, supra, " . . . does not in terms provide that depositions shall not go to the jury room, but . .. . it was held in those cases [Territory v. Eagle, 15 N.M. 609, 110 P. 862 (1910) and State v. Babcock, 22 N.M. 678, 167 P. 275 (1917)] that it was error for the court to permit depositions to go to the jury room."

State v. Lord, supra, states: " . . . The reason for excluding depositions is . . . that the jury must depend upon their memories for oral testimony and the same rule should apply to depositions.

. . . ." In *Lord,* supra, it was error to permit the jury to have, for consideration during their deliberations, ". . . written confessions, or admissions from which guilt could be inferred. . . ." In Territory v. Eagle, supra, it was error to allow a dying declaration to go to the jury. In *Lord,* supra, and *Eagle,* supra, the New Mexico Supreme Court noted the similarity between a deposition, a confession and a dying declaration.

Territory v. Eagle, supra, states: "It could not be contended for a moment that a *witness* could be introduced into the jury room after the case had been closed. The same argument would apply with equal force to the deposition of a witness. . . ."

State v. Lord, supra, states:

"If the defendant denies the making of an alleged confession, or introduces testimony contradicting statements made in it, or if there is oral evidence before the jury of a contradictory character; then it would seem that the rules which preclude a dying declaration from going to the jury, should apply to a confession. In such case it would be a manifest disadvantage to a defendant for an alleged confession to be delivered to the jury for consideration by them during their retirement. It might, and probably would, operate on and prejudice them as against the oral testimony in conflict therewith regarding which they could not refresh their memories. . . ."

 The tape was a record of the oral statements of the voices heard on the tape. It is not necessary to decide whether these recorded statements should be equated with depositions. Playing the tape to the jury during its deliberation had the effect of presenting selected portions of the oral testimony to the jury. This situation unduly emphasized the oral testimony which had been recorded. This prejudiced the defendant because there was other oral testimony which conflicted with the oral testimony that had been recorded. Playing the tape to the jury was error because it gave undue prominence to the recorded testimony. Territory v. Eagle, supra. The jurors must depend on their memories for oral testimony. State v. Lord, supra.

Since we do not, in this opinion, equate the tape recording with a deposition, the question is whether the trial court, under the "general rule," abused its discretion in permitting the tape to be played to the jurors. We hold discretion was abused because of the prejudice to defendant in giving undue prominence to the oral testimony which had been recorded, when there was other and conflicting oral testimony.

 The State contends there is no showing that the jury was influenced by the playing of the tape. Defendant was not required to make such a showing. The situation here is comparable to the situation where there has been improper communication with the jury. In such a situation, there is a presumption of prejudicial error and the burden is upon the State to overcome the presumption. State v. Beal, 48 N.M. 84, 146 P.2d 175 (1944); compare State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972); State v. Dickson, 82 N.M. 408, 482 P.2d 916 (Ct.App.1971); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967). It was the State's burden to show the jury was not prejudiced by the playing of the tape. The State did not meet that burden because undue prominence was given to the recorded testimony.

 The State contends defendant waived any objection to the tape being played to the jury during its deliberation. This contention is based on the fact that defendant did not object when the tape was played the second time. The second playing occurred during the trial. Defendant specifically objected to the playing of the tape to the jury during its deliberation. There was no waiver.

In light of the foregoing, only one of the other issues raised by defendant need be noted. Defendant, by motion, raised the issue as to whether there was sufficient evidence to go to the jury. We have reviewed the evidence; it is sufficient.

Because the trial court abused its discretion in permitting the tape recording to be played to the jury during its deliberation, the judgment and sentence is reversed. The cause is remanded for a new trial.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.