316

523 P.2d 814

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Alexander MONTOYA, Defendant-Appellant.**

No. 1340.

Court of Appeals of New Mexico.

June 5, 1974.

Ken Cullen, Knott & D'Angelo, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Willard W. Royer, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted of burglary. Section 40A–16–3, N.M.S.A. 1953 (2d Repl.Vol. 6). He appeals. We affirm.

Defendant contends the court abused its discretion when it directed part of a witness' testimony to be read to the jury after the jury had retired and commenced its deliberations.

Rule 43(a) of the Rules of Criminal Procedure [§ 41–23–43(a), N.M.S.A. 1953 (2d Repl.Vol. 6, 1973 Supp.)] reads in part as follows:

After the jurors have retired to consider their verdict, if they desire * * * to have any testimony read to them, they may in the discretion of the court be returned into the courtroom and the court * * * may order such testimony read to them. * * *

This is a matter of first impression under the rule in New Mexico.

While the jury was deliberating, it submitted the following question to the court:

Did the first officer testify that the defendant ran *through* the door or *from* the door?

Question asked, repeatedly by whole jury panel * * *

After presenting the question to attorneys for both parties, the court allowed the jury to hear a limited portion of the testimony. The reporter read the following statement to the jury:

I just stood there concealed by this corner and I saw the defendant coming out through the door.

Prior to the adoption of Rule 43(a) we held that the trial court abused its discretion in allowing the jury to listen to a tape recording of a conversation involving several persons after the case had been submitted to the jury for decision. State v. Ross, 85 N.M. 176, 510 P.2d 109 (Ct.App. 1973). In this case, the trial court received a note from a juror which read: "Would it be possible to hear the tape again." Over objection, that portion of the tape which had been admitted in evidence was played to the jury, in the jury room, in the presence of the trial judge and counsel. The court said:

* * * [T]he question is whether the trial court, under the "general rule," abused its discretion in permitting the tape to be played to the jurors. We hold discretion was abused because of the prejudice to defendant in giving undue prominence to the oral testimony which

had been recorded, when there was other and conflicting oral testimony.

Rule 43(a) also allows the court, in its discretion, to order such testimony read to the jury. Compared with *Ross*, supra, we find there was no abuse of discretion in the instant case. Settle v. People, 504 P.2d 680 (Colo.1972); Price v. State, 437 P.2d 330 (Alaska 1968); State v. Wilkerson, 60 N.J. 452, 291 A.2d 8 (1972); United States v. Hurst, 436 F.2d 1092 (5th Cir. 1971). The reasons are set forth in State v. Wolf, 44 N.J. 176, 185, 207 A.2d 670, 675 (1965):

> When a jury retires to consider their verdict, their discussion may produce disagreement or doubt or failure of definite recollection as to what a particular witness said in the course of his testimony. If they request enlightenment on the subject through a reading of his testimony, in the absence of some unusual circumstance, the request should be granted. The true administration of justice calls for such action. Where there is a doubt in the minds of jurors as to what a witness said, it cannot be prejudicial to anyone to have that doubt removed by a rehearing of his testimony. There is no need to be chary for fear of giving undue prominence to the testimony of the witness. If * * * a jury is to be considered intelligent enough to be entrusted with powers of decision, it must be assumed they have sense enough to ask to have their memories stimulated or refreshed only as to those portions of the testimony about which they are in doubt or disagreement. It must be assumed also that if they had any similar doubts or disagreements about statements of other witnesses they would seek the same remedy. If they do not ask for further reading there is no right in a party to demand it. The matter must be left in the sensitive discretion of the trial judge. * * *

See also, State v. Daby, 293 Minn. 179, 197 N.W.2d 670 (1972).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.