585 P.2d 647

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Stephen FRIED, Defendant-Appellant.**

**No. 3548.**

Court of Appeals of New Mexico.

Sept. 19, 1978.

Writ of Certiorari Denied Oct. 23, 1978.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of trafficking in cocaine, defendant appeals. Issues listed in the docketing statement, but not briefed, are deemed abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). Two issues are argued. They concern: (1) closing argument; and (2) the jury listening to a tape recording during its deliberations.

*Closing argument*

Defendant's conviction is based on the sale of cocaine to an undercover agent on January 22, 1977 in Santa Fe. The agent identified defendant as the seller;

the identification testimony was supported by a tape recording of telephone conversations between the agent and a voice the agent identified as defendant's. The agent testified, on direct examination, that he had met defendant in Las Vegas during the course of an undercover operation there, and that the cocaine obtained in the Santa Fe purchase had been used as evidence in a criminal proceeding in San Miguel County. The agent also testified that in his dealings with defendant in connection with the Santa Fe purchase of cocaine, defendant and the agent discussed both heroin and Columbian marijuana.

On cross-examination of the agent, defendant brought out that in the Las Vegas undercover operation, the agent had purchased cocaine and heroin from defendant and that the San Miguel County criminal proceeding had involved the Las Vegas purchase.

On redirect examination of the agent, the prosecutor elicited the details of the Las Vegas purchase which occurred January 12, 1977. When questioned about simulating the snorting of cocaine during the Las Vegas purchase, defendant objected on the grounds of relevancy. The trial court overruled the objection, stating that the Las Vegas purchase had been talked about "by counsel for the last thirty or forty minutes."

Defendant testified that in the San Miguel County criminal proceeding he had been convicted of the cocaine charge but acquitted of the heroin charge.

During closing argument the prosecutor referred to both cocaine and heroin in connection with the Las Vegas transaction, and also referred to defendant as a dealer in different types of drugs. Defendant claims he was denied a fair trial because this argument was improper. We disagree.

The references to the Las Vegas cocaine transaction and defendant's activities as a drug dealer were well within the evidence and raise no arguable issue as to an improper argument. Defendant's specific claim is that the prosecutor made "repeated references" to the Las Vegas heroin transaction

and this was unfair because defendant was acquitted of that charge. The prosecutor's argument made two references to the Las Vegas heroin transaction. Defendant's contention overlooks the fact that defendant's cross-examination brought out that the agent purchased heroin from defendant in Law Vegas. The prosecutor could properly comment upon this evidence, as upon any other evidence, in closing argument. The fact that defendant testified that he had been acquitted of the Las Vegas heroin charge did not eliminate the evidence that defendant had sold heroin in Las Vegas.

The prosecutor's closing argument does not involve a "reasonable latitude" comment on the evidence. See *State v. Polsky*, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971), cert. denied, 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972). Here there was specific evidence that defendant sold heroin in Las Vegas. It was not unfair of the prosecutor to comment on that specific evidence in arguing the State's case to the jury.

*Jury Listening to a Tape Recording During Deliberations*

██ The tape recording of the telephone conversations was admitted as an exhibit. At the time the exhibit was admitted, defendant objected "to the jury being allowed to play the tapes subsequently in the jury room." During deliberations, the jury requested that it be allowed to hear the tape again. Defendant stated that he had no objection to the tape going to the jury room but he did object to the tape being replayed, either in the jury room or open court. The trial court directed the tape be "set up" so that the jury could listen to only the portion of the tape involving conversations identified as being between the agent and the defendant. With that "safeguard", the tape was submitted to the jury, along with a device for playing the tape.

Defendant contends it was error to allow the jury to replay the tape during its deliberations because the result was "prejudicial overemphasis on that one piece of evi-

dence." *State v. Ross,* 85 N.M. 176, 510 P.2d 109 (Ct.App.1973) supports defendant's claim, but *Ross* was decided before the adoption of the rules of criminal procedure.

Rule of Crim.Proc. 42(c) states:

(c) *Exhibits.* Upon its request to review any exhibit during its deliberations, the jury shall be furnished all exhibits received in evidence.

Rule of Crim.Proc. 43(a) states:

(a) After the jurors have retired to consider their verdict, if they desire additional instructions or to have any testimony read to them, they may in the discretion of the court be returned into the courtroom and the court may give them such additional instructions if authorized by U.J.I. Criminal or may order such testimony read to them. Such instruction shall be given and such testimony read only after notice to, and in the presence of, the attorneys and the defendants.

The tape in *State v. Ross,* supra, was played to the jury in the presence of the trial judge and counsel. With the addition of a requirement for the defendant's presence, Rule of Crim.Proc. 43(a) now authorizes the procedure held improper in *Ross,* supra. The argument that hearing only a portion of the evidence overemphasizes the portion heard is answered in *State v. Montoya,* 86 N.M. 316, 523 P.2d 814 (Ct.App. 1974); if jurors are intelligent enough to be entrusted to decide the case, they are intelligent enough to have their memories refreshed only as to portions of the testimony about which they are in doubt. Our point, simply, is that the rules of criminal procedure changed pre-existing case law.

In *State v. Chavez,* 86 N.M. 199, 521 P.2d 1040 (Ct.App.1974), we held that doctor's reports, along with other exhibits, were properly sent to the jury, during its deliberations, under Rule of Crim.Proc. 42(c). Defendant had no objection to the tape being sent to the jury; however, he did not want the jury to be able to hear the tape that was sent. We see no conceptualistic distinction between reviewing an exhibit that is typed or written, and an exhibit that is recorded. Rule of Crim.Proc. 42(c) permits

a jury to review any exhibits during its deliberations; the rule does not exclude recorded exhibits.

The trial court did not err in allowing the jury to hear the tape exhibit during its deliberations.

The judgment and sentence are affirmed. IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.