**STATE of Minnesota, Respondent,**

v.

**Bert Ernest DABY, Appellant.**

**No. 82–138.**

Supreme Court of Minnesota.

May 10, 1982.

Chestnut & Brooks, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356. We affirm.

Petitioner was convicted in St. Louis County District Court in 1969 of aggravated rape, Minn.Stat. § 609.291 (1969), for forcing a 12-year-old girl at knifepoint into a wooded area in broad daylight and sexually assaulting her. We affirmed in *State v. Daby*, 293 Minn. 179, 197 N.W.2d 670 (1972). Petitioner has twice been released on parole from his 30-year prison term. In 1974, while on parole, he committed similar offenses in St. Paul against two girls, one age 10 and one age 11. For those acts he was convicted of two counts of indecent liberties, Minn.Stat. § 609.296 (1974), and received a 7-year prison term, to run consecutively with the prior 30-year term, on which

parole was revoked. *State v. Daby*, 260 N.W.2d 470 (Minn.1977).[1] In 1978, petitioner was again released on parole but his parole was revoked after he absconded from the residential treatment program in which he was required to participate.

Petitioner apparently established at the postconviction hearing that he has been, for the most part, a model prisoner, but the district court concluded that petitioner failed to meet his burden of proving that his early release from the 30-year prison sentence would not present a danger to the public and would not be incompatible with the welfare of society. *Smith v. State*, 317 N.W.2d 366 (Minn.1982). Such a finding is a prerequisite to resentencing pursuant to the amendment to Minn.Stat. § 590.01. Our examination of the entire record on appeal satisfies us that the district court was justified in so concluding.

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.

1. There was strong evidence that he also committed a similar offense against a 16-year-old girl just a few days after attacking the 10- and 11-year-old girls. *Id.*