This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 30,589**

**RAYMOND SEMINO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

Defendant appeals a number of convictions in connection with the rape and kidnapping of the victim in this case. We issued a calendar notice proposing to affirm. We have received a memorandum in opposition and a motion to amend the docketing statement from Defendant. After due consideration of Defendant's arguments, we affirm Defendant's convictions. We deny Defendant's motion to amend the docketing statement.

Initially, we point out that, based on the citations in the memorandum in opposition, it appears that appellate defense counsel reviewed the transcript of the proceedings below. Nevertheless, appellate defense counsel provides additional information for some issues, but not for others. Defendant, as the party opposing our summary disposition, is required to "come forward and specifically point out" any error in fact or in law in our proposed disposition. *State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982); *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993). We will affirm on issues for which Defendant has not met that requirement.

**Motion to Amend Docketing Statement**

Defendant claims that it was error for the district court to refuse to provide the jury with a transcript of the victim's testimony, instead, instructing the jurors to rely on their own memories and notes. Defendant also claims that it was error for the

2

district court to insist that an absent juror come to the court for deliberations. No objection or argument was made to the district court on these claims. As conceded by Defendant, these issues would be reviewed for fundamental error, which only occurs in cases where a defendant is "indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633.

It is within the district court's discretion to provide a jury with "additional instructions or to have any testimony read" to the jury. Rule 5-610(A) NMRA. For example, if jurors have doubt about what a witness said during the proceedings and that doubt could be removed by rehearing the testimony of that witness, the trial court has the discretion to have the pertinent testimony read to the jury. *State v. Montoya*, 86 N.M. 316, 317, 523 P.2d 814, 815 (Ct. App. 1974). In this case, the jury requested the transcript of the victim's testimony because there was disagreement on some counts which "center[ed] on the credibility of [the Victim's] testimony." [MIO 6] There is nothing to indicate that the jurors could not remember or had doubt about what the Victim said during her testimony. The request from the jury concerned only a disagreement about some of the charged counts in connection with the credibility of the witness. Given the jury's specific request, the district court did not abuse its

discretion in denying the request for transcripts, and the decision to deny the request does not meet the requirements for fundamental error.

Defendant argues that the district court erred in forcing an "unwilling and possibly incapacitated juror" to continue deliberations with the rest of the jury. The district court called the juror after receiving information that the juror had been involved in a serious motor vehicle accident. [MIO 8] The juror claimed that she had no vehicle, and then claimed that she was planning to obtain a rental vehicle. [MIO 8-9] The district court explained that the juror would be compensated for her time, and that the other jurors were waiting on her. The juror was then transported to the court and the jury resumed its deliberations. The transcript citation included in the memorandum in opposition only indicates that the juror was without transportation. The information given to the district court indicates only that the juror was bruised, was going to need to seek "additional medical attention," and may have problems with child care. [MIO 8] There is nothing to support Defendant's claims that the juror was "possibly incapacitated" or was "unwilling" to continue deliberations. The district court did not abuse its discretion by having the juror transported to the court in order to continue deliberations with the rest of the jury. In addition, the actions of the district court do not rise to the level of fundamental error. We deny Defendant's motion to amend the docketing statement. *See State v. Moore*, 109 N.M. 119, 128-29,

4

782 P.2d 91, 100-101 (Ct. App. 1989) (holding that issues included in motion to amend docketing statement must be viable), *overruled on other grounds State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**Memorandum in Opposition**

Defendant provides no additional authority or facts on the issue of whether the jury should have received an earlier instruction on the prohibition against conducting internet research. *See Sisneros*, 98 N.M. at 202-03, 647 P.2d at 404-05; *Ibarra*, 116 N.M. at 489, 864 P.2d at 305. We affirm for the reasons discussed in our calendar notice.

Defendant continues to claim that it was error for the district court to allow the nurse to be identified as a SANE nurse because the title alone gave credibility to the witness. Defendant claims that he was prejudiced by the implication that the SANE nurse had specialized knowledge and by the fact that a SANE nurse examined the victim, giving rise to the assumption that a sexual assault had occurred. [MIO 12] Defendant refers to no evidence to support his claim of prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). As discussed in our calendar notice, the witness testified about her qualifications as a SANE nurse, and it was within the district court's discretion to admit the testimony of the witness. *See State v. Alberico*,

116 N.M. 156, 169, 861 P.2d 192, 205 (1993); *see also* Rule 11-702 NMRA (explaining that qualified experts may testify in form of opinion or otherwise). We hold that the district court did not abuse its discretion by allowing the witness to testify as a SANE expert.

Defendant now claims that the SANE nurse gave testimony in violation of the district court's ruling that she could not testify as to an ultimate conclusion. [MIO 12] Defendant provides us with no information about how this argument was preserved. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (pointing out that appellate court will not search the record to find whether an issue was preserved); *see also State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, to preserve issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). Therefore, we will not address the issue. To the extent that this issue is raised as part of the motion to amend the docketing statement, the motion is denied.

The victim asked a county worker to call 911. After the worker spoke to the dispatcher, the victim got on the telephone and related her situation to the dispatcher. Defendant claims that the contents of the call were inadmissible as hearsay. When Defendant objected to the portion of the 911 call that included statements by the

worker, the district court offered to admit only the portion that included the victim's statements. [MIO 13] Defendant did not accept the offer, but objected to a "piecemeal admission of the statement." [Id.]

Defendant continues to claim that the contents of the 911 call were not admissible under the "excited utterance" or "present sense impression" exceptions to the hearsay rule. Defendant contends that the victim's statements were "too remote" because she was "relating events that had allegedly occurred the night before." [MIO 17] As noted by Defendant, when the victim ran up to the worker, she was crying, upset, and reported that she had just been raped. [MIO 14] In addition, the victim had just escaped from Defendant's home. As discussed in our calendar notice, the statements fell under the exceptions for excited utterances or present sense impressions. The district court did not err in admitting the contents of the call.

Defendant continues to argue that he should have been allowed to question a detective about his interview with the victim, particularly his question about whether the victim had been a paid escort. Defendant informs us that the detective was extensively cross-examined about his failures in investigation. [MIO 18] Defendant then argued that he needed to question the detective about the contents of his report in order to point out "shortcomings" in the State's position. [Id.] Defendant also requested that the detective's report be admitted into evidence under Rule 11-803(H)

7

NMRA. The report allegedly contained a statement from Defendant's mother that she believed the victim was a call girl. [MIO 20] The district court ruled that the report did not fall under Rule 11-803(H), the statement by Defendant's mother was inadmissible hearsay, and the information was not trustworthy.

We previously noted that Rule 11-803(H) excludes matters observed by police officers and other law enforcement personnel, and excludes sources of information that lack trustworthiness. We also noted that there was no showing that the source of the information was reliable or that the source was trustworthy. As conceded by Defendant, it was within the district court's discretion to determine admissibility of the evidence. [MIO 24] Here, there is nothing to show that the information qualified as "factual findings" under Rule 11-803(H), and there is nothing to show that the information was trustworthy. *See* Rule 11-803(H)(3) (providing that "in civil actions and proceedings and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness"). Defendant has not demonstrated that the district court abused its discretion.

In the docketing statement, under an issue concerning merger of sexual conduct counts, Defendant noted that he had moved for a directed verdict on the kidnapping charge based on lack of sufficient evidence. [unnumbered DS 10] Defendant stated

8

that there was insufficient evidence to support the kidnapping conviction, but provided no other information or argument on the claim. Nevertheless, we addressed the claim, and proposed to hold that the evidence was sufficient in this case. In the memorandum in opposition, Defendant does not point to any specific defect in the evidence, but argues that the evidence supporting the kidnapping conviction should be viewed in light of the victim's "lack of credibility." [MIO 25] Defendant claims, for example, that the victim testified that Defendant locked the front door, but there was no independent evidence to show the house could be secured to prevent the victim's escape. [Id.] In addition, Defendant claims that the front door had "no unusual locking mechanism." [Id.] Defendant argues that we must look at the evidence to determine if it "can logically and fairly exclude all reasonable doubt of innocence of the crime charged under that set of facts." [MIO 26]

To the extent that Defendant asks us to reevaluate the evidence while considering the credibility of the victim, we point out that the factfinder resolves any conflict in the testimony of the witnesses, determines the credibility of the witnesses, and assigns weight to be given to the evidence. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. As outlined in our calendar notice there was sufficient evidence to support the kidnapping conviction.

Defendant again claims that he was deprived of a fair trial when the State

presented testimony from a witness that he found blood on the victim's clothing, and when the State made references to DNA evidence, but did not actually present any expert testimony on DNA evidence. Defendant asked that the jury be instructed to disregard references to blood or DNA. The district court stated that there was not enough reference to DNA by the State and there was no DNA evidence, so there was no need for a limiting instruction. [MIO 28] The district court ruled, however, that the witness could not draw any conclusions about the blood on the victim's clothing.

In our calendar notice, we proposed to hold the testimony did not fit under Rule 11-105 NMRA, and we noted that the testimony regarding blood stains did not constitute a suggestion that the blood belonged to any particular person. We also suggested that the testimony fit within Rule 11-701 NMRA, which refers to evidence based on perceptions and observations by a witness. In response, Defendant claims that the State made "extensive reference to blood evidence" which created the impression that the evidence incriminated Defendant. [MIO 28] Defendant does not provide us with specific information about the alleged extensive references made by the State, and does not otherwise provide evidence to support his claim. *See Sisneros*, 98 N.M. at 202-03, 647 P.2d at 404-05; *Ibarra*, 116 N.M. at 489, 864 P.2d at 305. We affirm on this issue.

Defendant continues to argue that the convictions for CSP and CSC violated

double jeopardy. In our calendar notice, we stated that Defendant had not provided us with information to support his claim that his conduct occurred during a continuous course of conduct. In response, Defendant, without citation to the record and without specific details, alleges that the actions "occurred over a very short period of time," occurred in the same house, involved only one victim, and Defendant's intent never changed. [MIO 31] Therefore, Defendant claims, the crimes occurred during a unitary course of conduct. Again, Defendant does not provide sufficient facts to support his claim. *See Sisneros*, 98 N.M. at 202-03, 647 P.2d at 404-05; *Ibarra*, 116 N.M. at 489, 864 P.2d at 305. We affirm on this issue.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

11

**RODERICK T. KENNEDY, Judge**