[No. 3414. Aug. 2, 1929.]

STATE v. HALSEY.

[279 Pac. 945.]

O. O. Askren, of Roswell, Carl H. Gilbert, of Santa Fe, and H. B. Hamilton, of El Paso, Tex.; for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

SIMMS, J. In an indictment charging one Archer with the murder of Halsey, appellant and one Foster were included as accessories before the fact. All three were convicted and sentenced to be hanged. We affirmed the case as to Archer, reversed for resentence as to Foster, and reversed and remanded for a new trial as to appellant, Mrs. Halsey, the widow of the murdered man. State v. Archer et al., 32 N. M. 326, 255 P. 396. From a second conviction, after a change of venue to Curry county, this appeal follows.

First appellant claims that error was committed by permitting the state to introduce in evidence, over her objection, three certain letters, bearing date November 12 and 14 and December 16, 1923, respectively, written by Foster to appellant and found in a bureau drawer in her home after the murder. She claims that the state did not show that she either invited these letters, acquiesced in them, knew of their existence, or participated in correspondence of which they were part. She invokes the well-known rule of "res inter alios acta," and says that these letters were not competent for any purpose against her. If the matter rested there, her contention might be upheld, but, when she took the stand in her own defense,

she testified to certain facts which supplied the missing and connecting link, and made these letters competent for the sole purpose for which they were admitted; i. e., not to prove conspiracy, but to show the state of feeling existing between Foster and her, as tending to show motive. Any error which may have been made up to the time the state closed its case was cured by defendant's own testimony.

Next appellant claims that prejudical error was committed by the trial court in allowing the state to read in evidence against her the entire testimony of Zack Teel given on the former trial, after proving that Teel was absent and could not be found by diligent effort on the part of the state. She invokes article 2, § 14, of the Constitution of this State, which provides:

"In all criminal prosecutions the accused shall have the right * * * to be confronted with the witnesses against him. * * *"

Appellant admits the rule to be that the tesitmony of a deceased or absent wintess, given at a former trial, may be used in evidence in a subsequent trial, after proper predicate established, provided the accused was once confronted with the witness on the stand and had the full right to cross-examine him. This is unquestionably the law. State v. Jackson, 30 N. M. 317, 233 P. 49.

But appellant contends that, if in the former trial the right to cross-examine the witness was erroneously restricted, so much so as to require reversal for that reason, then, in such case, the testimony of the witness given in the former trial is not competent in the second trial, and to admit it would be to deprive the defendant of the right guaranteed by the Constitution "to be confronted with the witnesses against him." We believe this to be a correct statement of the law. State v. Jackson, supra; Wigmore on Criminal Evidence, vol. 2, §§ 1365 to 1418, inclusive.

In State v. Archer et al., 32 N. M. 326, 255 P. 396, we held that in the first trial this particular witness, Zack Teel, was not subjcted to cross-examination by defendant's counsel, such as defendant had a right to demand, and that the refusal to permit such cross-examination was reversible error. This is the law of the case, and cannot

now be questioned. First Nat. Bank v. Cavin, 28 N. M. 471, 214 P. 325; Davidson v. Bank, 16 N. M. 691, 120 P. 304. It therefore follows that in the second trial the state should not have been permitted to introduce the record of Teel's former testimony against defendant, who objected and pointed out the error in the exact language of this court's opinion rendered on the former appeal. But the state contends that all objection to the testimony of Teel was cured by the offer and tender to defendant's counsel of a written statement Teel made to the district attorney prior to the first trial. A careful reading of our opinion on the former appeal discloses that in the first trial a controversy arose between opposing counsel over the right of defendant's attorneys to see and examine a written statement Teel had given the district attorney. The latter refused to produce it, and the court on motions by each side, struck out all reference to it. There the matter stood, as though it had never arisen. Appellant's counsel, however, next demanded the right to cross-examine the witness about this statement, which they had never seen. The court refused to permit this, for which we reversed the case. So it is manifest that it was the limitation of the right to cross-examine the witness Teel in the former trial, and not the refusal to produce the written statement, which caused the reversal. We said (32 N. M. 319, 255 P. 396, 403):

"What we are determining is whether a witness for the state is subject to cross-examination for the purpose of probing his conscience and testing his memory and reliability by questions as to what he communicated to the district attorney in regard to the facts in the case, and we hold that it can be done."

The offer of the statement at the second trial did not cure the error. Appellant never having been accorded her right to fully cross-examine the witness Teel, his testimony was inadmissible against her.

It follows that the judgment of the lower court should be reversed, and a new trial should be awarded to defendant, and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.