503 P.2d 648

STATE of New Mexico, Plaintiff-Appellee,

v.

Cresencio HERRERA, Jr., Defendant-Appellant.

No. 950.

Court of Appeals of New Mexico.

Nov. 10, 1972.

M. J. Rodriguez, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of possession and sale of marijuana contrary to § 54-5-14, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2) [subsequently repealed by Laws 1971, ch. 245, § 13], defendant appeals.

Called as a witness by the State, Officer Rodriguez testified that he purchased marijuana from defendant. Cross-examination established that the officer "wrote out a report on this incident." Defendant moved that the report be produced for inspection ". . . so that the defendant may effectively cross examine this witness. . . ."

 The trial court erred in denying the motion. When a witness has made a prior written statement about that which he is called to testify, the accused is entitled to an order directing the prosecutor to produce the statement for inspection of the defendant. Any other result denies the defendant the right to confront the witnesses against him. Mascarenas v. State, 80 N.M. 537, 458 P.2d 789 (1969).

Because of this error, defendant asserts he is entitled to be discharged. He claims a new trial would subject him to double jeopardy. We disagree. ". . . The former jeopardy clause of the constitution does not preclude a retrial of a defendant whose sentence is set aside because of an error in the proceedings leading to the sentence or conviction. . . ." State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

The judgment and sentence is reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.