512 P.2d 1265

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Howard SPARKS and Susan Sparks,
Defendants-Appellants.**

**No. 1163.**

Court of Appeals of New Mexico.

July 18, 1973.

Robert S. Skinner, Raton, for defendants-appellants.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of unlawfully distributing controlled substances (amphetamines and LSD), defendants appeal. Section 54–11–22(A)(2). N.M.S.A.1953 (1972 Int.Supp.). The dispositive issue concerns inspection of a transcript of the grand jury testimony of a witness.

Cross-examining the State's witness, Kelly, defendants established that Kelly had testified before the grand jury. Defendants then sought a copy of the transcript of Kelly's grand jury testimony.

The transcript was sought because defendants' cross-examination brought out discrepancies between the trial testimony of Kelly, an undercover agent and Smith, the State Police Officer with whom Kelly was working. Kelly's testimony was crucial to the State's case against defendants. Defendants claim that every opportunity should have been accorded them to learn of further discrepancies in Kelly's testimony; that without an opportunity to inspect Kelly's grand jury testimony, they cannot

know ·whether Kelly's credibility could have been further weakened, or whether Kelly could have been further impeached. Defendants assert the trial court's denial of the request for a copy of Kelly's grand jury testimony was erroneous.

State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R.3d 1 (1967), cert. denied 390 U.S. 1026, 88 S.Ct. 1414, 20 L.Ed.2d 283 (1968), requires a showing of a particularized need before defendants were entitled to a copy of Kelly's grand jury testimony. The circumstances of this case do not show such a particularized need under the New Mexico decisions. State v. Tackett, supra; State v. Baca, 85 N.M. 55, 508 P. 2d 1352 (Ct.App.1973); State v. Valles, 83 N.M. 541, 494 P.2d 619 (Ct.App.1972).

Defendants suggest that the new Rules of Criminal Procedure, which apply to this case, authorize defendants to obtain a copy of Kelly's grand jury testimony. They point out that the policy of secrecy of grand jury proceedings is either satisfied, or no longer exists, when the witness before the grand jury also testifies at trial. See State v. Morgan, 67 N.M. 287, 354 P. 2d 1002 (1960). They assert that *Tackett,* supra, suggested a broadening of the right of discovery in this area. They contend such a change occurred upon the adoption of RCP 27. [Rule of Criminal Procedure No. 27].

■ We agree that RCP 27 [§ 41-23–27, N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec.Supp.)] did broaden the right of discovery, but not to the extent that defendants claim. RCP 27 gives a defendant the right to "* * * [a]ny recorded testimony of the defendant before a grand jury." See RCP 27(a)(2). No parallel right is accorded for the testimony of a witness before the grand jury. The disclosure provisions as to State witnesses in RCP 27(b) include statements of those witnesses, but "statements" in RCP 27 is used in a sense distinct from grand jury testimony. Compare RCP 27(a)(1) and (2) with RCP 27(b).

Defendants assert that to deny them a transcript of Kelly's grand jury testimony after Kelly had testified at their trial, denied them the right to fully cross-examine Kelly. Such a claim was inferentially rejected in State v. Tackett, supra. This Court followed *Tackett* and rejected a similar claim in State v. Valles, supra.

■ This appeal raises the question as to whether *Tackett,* supra, has been modified by a subsequent decision of the New Mexico Supreme Court. Mascarenas v. State, 80 N.M. 537, 458 P.2d 789 (1969) was concerned with the right of the accused to inspect a prior written statement of a witness called to testify on behalf of the State. *Mascarenas,* supra, holds: ". . . the refusal to permit inspection of a prior written statement by a witness who has been called to testify by the state denies to an accused the right of effective cross-examination of the witness. * * *" See State v. Herrera, 84 N.M. 365, 503 P.2d 648 (Ct.App.1972). The right of cross-examination is a part of the constitutional right to be confronted with the witnesses against one. State v. Lunn, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971). See N.M.Const. Art. II, § 14.

Is Mascarenas v. State, supra, distinguishable because "statements" were involved rather than grand jury testimony? This question is directed to the availability of grand jury testimony. In light of § 41–5–8, N.M.S.A.1953 (2d Repl.Vol. 6), which was enacted subsequent to the decision in State v. Tackett, supra, we hold no distinction can be made as to availability. Section 41–5–8, supra, states: "The oral testimony heard by the grand jury shall be reported verbatim and the notes or transcriptions thereof certified by the court reporter or stenographer making them, with the notes or transcriptions then deposited with the clerk or other officer of the district court as directed by the district judge. * * *"

Is *Mascarenas,* supra, distinguishable because of the policy of secrecy of grand

jury proceedings? State v. Morgan, supra, discusses this policy in relation to the witness before the grand jury. It states: "* * * once the witness has testified publicly at the criminal trial, any privilege that he had with respect to his testimony on the same subject before the grand jury is lost. If the witness' testimony is the same in both instances, he cannot be subjected to any more discomfort or retaliation than he would have if he had testified only at the public trial. However, if his testimony varies to any considerable degree, he has forfeited the right to any claim of privilege."

State v. Morgan, supra, also discusses the policy of secrecy in relation to the interests of the State. It says: "* * * The state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and, in particular, the state should have no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits."

▮ Since under State v. Morgan, supra, there is neither witness nor State interest in preserving the secrecy of grand jury testimony once the witness before the grand jury has testified at the criminal trial, we hold that Mascarenas v. State, supra, modifies State v. Tackett, supra, to this extent: once the witness has testified at the criminal trial about that which he testified before the grand jury, the accused is entitled to an order permitting examination of that portion of the witness' grand jury testimony relating to the crime for which defendant is charged. Compare State v. Herrera, supra. And, of course, the witness may be cross-examined concerning that testimony. See Mascarenas v. State, supra. If otherwise, an accused is denied the right to confront the witnesses against him.

Because defendants in this case sought and were denied the right to inspect Kelly's grand jury testimony, their convictions and sentences are reversed. The cause is remanded with instructions to grant defendants a new trial.

It is so ordered.

HENDLEY, and LOPEZ, JJ., concur.