515 P.2d 138

**STATE of New Mexico, Petitioner,**

v.

**Hon. Edwin L. FELTER, District Court of the First Judicial District of the State of New Mexico, Respondent.**

**No. 9813.**

Supreme Court of New Mexico.

Oct. 19, 1973.

Jose Cruz Castellano, Jr., Dist. Atty., Bruce E. Kaufman, Deputy Dist. Atty., Santa Fe, for petitioner.

Jones, Gallegos, Snead & Wertheim, John Wentworth, Santa Fe, for respondent.

OPINION

OMAN, Justice.

An alternative writ of prohibition was entered herein by which we commanded Respondent, a district judge, to desist and refrain from enforcing an oral order announced in a criminal case. By this order, Respondent directed Petitioner to deliver to the attorneys for the accused a copy of the transcript of the stenographically reported notes of the testimony adduced before the grand jury. The authority of a district court to enter such an order is properly a subject for determination in an original proceeding before this court. See State v. Zinn, 80 N.M. 710, 460 P.2d 240 (1969); State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R.3d 1 (1967), cert. denied, 390 U.S. 1026, 88 S.Ct. 1414, 20 L. Ed.2d 283 (1968).

The stenographic reporter delivered a copy of the transcript to the attorneys just prior to service of the alternative writ on Respondent. Notice of the writ was given the attorneys before they had removed the transcript from the sealed envelope in which it was enclosed when delivered to them. They properly refrained from opening the envelope, and it is now in the custody of this court.

After considering the briefs and arguments presented by Petitioner and Respondent, we took the matter under advisement. We now order that the writ be made permanent.

Approximately a week before the scheduled trial date of the criminal case, the district attorney disclosed that the State proposed to call as trial witnesses four persons who had testified before the grand jury. This disclosure, coupled with the recently issued opinion of the Court of Appeals in State v. Sparks, 85 N.M. 429, 512 P.2d 1265 (Ct.App.1973), prompted counsel for the accused to orally move for a copy of the transcript of the testimony presented to the grand jury. As indicated above, the motion was granted.

■ The facts in the Sparks case are not comparable to those in the case now before us. In that case, an undercover agent, who had testified before the grand jury, was called as a trial witness. The cross-examination of him by defendant's attorney developed discrepancies between his testimony and the testimony of a police officer with whom he had worked. At that point in the proceedings, defendant sought inspection of a transcript of the grand jury testimony of the witness. The trial court denied the request and the Court of Appeals reversed. We agree with the decision of the Court of Appeals under the particular facts of that case, and agree with the statement in its opinion that "once the witness has testified at the criminal trial about that which he testified before the grand jury, the accused is entitled to an order permitting examination of that portion of the witness' grand jury testimony relating to the crime for which defendant is charged."

■ Attention is particularly called to the fact that the accused's examination of the grand jury testimony of the witness should be confined to matters relating to the offense with which the accused is charged and for which he is being tried, and about which the witness testified before the grand jury. We anticipate that ordinarily this will include all of the witness' testimony before the grand jury. However, we can readily conceive of cases in which the grand jury testimony of a witness will cover far more than matters relating to the offense with which the accused is charged and for which he is being tried. In those cases the examination of the grand jury testimony should be confined solely to matters relating to the offense with which the accused is charged and for which he is on trial. The reasons for making this portion of the grand jury testimony of a trial witness available for examination by the accused are set forth in the opinion of the Court of Appeals in State v. Sparks, supra.

We do not, however, agree with that portion of the opinion of the Court of Appeals in the Sparks case which holds that Mascarenas v. State, 80 N.M. 537, 458 P.2d 789 (1969), modifies State v. Tackett, supra. There are differences other than that of availability between the right to examine "statements," which was the question in the Mascarenas case, and the right to examine "grand jury testimony," which was the only question in the Tackett case with which the Court of Appeals was concerned in the Sparks case. In any event, the solution to the problem of availability of "grand jury testimony" is found in § 41-5-8, N.M.S.A.1953 (2nd Repl. Vol. 6, 1972), and not in any language in the Mascarenas case.

Admittedly language in the Mascarenas case, concerning the right of effective cross-examination of a witness, has applicability to that witness' "grand jury testimony" under certain circumstances. However, we do not believe this language can properly be said to have modified the requirement announced in the Tackett case of showing a particularized need before a grand jury transcript may be made available to an accused.

■ A particularized need for the grand jury testimony of the witness in State v. Sparks, supra, was clearly shown by the accused. A failure to furnish the transcript in that case would have impaired the accused's right of cross-examination, and, thus, the full exercise of his right of confrontation. In the present case we are unable to find the existence of a particular-

ized need for the grand jury testimony before the witnesses have actually testified at trial.

The alternative writ heretofore issued in these proceedings should be made permanent.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.