516 P.2d 1118

**STATE of New Mexico, Petitioner,**

v.

**Leo VIGIL, Respondent.**

**No. 9864.**

Supreme Court of New Mexico.

Dec. 14, 1973.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe., for petitioner.

William C. Erwin, Raton, for respondent.

OPINION

OMAN, Justice.

This cause is before us on a writ of certiorari directed to the New Mexico Court of Appeals. The writ was issued solely for the purpose of clarifying our opinion in State v. Felter, 85 N.M. 619, 515 P.2d 138 (1973).

Our opinion in the Felter case has apparently been construed by some as requiring a showing by a defendant in a criminal case of a particularized need for the grand jury testimony of a witness who has actually appeared and testified for the State at the criminal trial. This is not what was said or meant by us in the Felter case. However, we apparently created some confusion by the language we used in that portion of our opinion in which we expressed our disagreement with the opinion of the Court of Appeals in State v. Sparks, 85 N.M. 429, 512 P.2d 1265 (Ct. App.1973), insofar as it was stated therein that Mascarenas v. State, 80 N.M. 537, 458 P.2d 789 (1969), modifies State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R.3d 1 (1967), cert. denied, 390 U.S. 1026, 88 S.Ct. 1414, 20 L.Ed.2d 283 (1968).

In an earlier case we held:

"* * * [O]nce the witness has testified publicly at the criminal trial, any privilege that he had with respect to his testimony on the same subject before the grand jury is lost. * * *" State v. Morgan, 67 N.M. 287, 290, 354 P.2d 1002, 1004 (1960).

"* * *. The state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and, in particular, the state should have no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as

thoroughly impeached as the evidence permits." State v. Morgan, supra, at 67 N.M. 292, 354 P.2d 1006; see also State v. Sparks, supra.

There can be no valid reason for requiring the defendant to show a particularized need for the grand jury testimony of a witness who has already appeared and testified publicly in the criminal trial. In this regard we quote and reaffirm the following from our opinion in State v. Felter, supra, at 85 N.M. 620, 515 P.2d 139:

" * * *. We agree with the decision of the Court of Appeals under the particular facts of that case, [State v. Sparks, supra], and agree with the statement in its opinion that 'once the witness has testified at the criminal trial about that which he testified before the grand jury, the accused is entitled to an order permitting examination of that portion of the witness' grand jury testimony relating to the crime for which defendant is charged.'

"Attention is particularly called to the fact that the accused's examination of the grand jury testimony of the witness should be confined to matters relating to the offense with which the accused is charged and for which he is being tried, and about which the witness testified before the grand jury. We anticipate that ordinarily this will include all of the witness' testimony before the grand jury. However, we can readily conceive of cases in which the grand jury testimony of a witness will cover far more than matters relating to the offense with which the accused is charged and for which he is being tried. In those cases the examination of the grand jury testimony should be confined solely to matters relating to the offense with which the accused is charged and for which he is on trial. The reasons for making this portion of the grand jury testimony of a trial witness available for examination by the accused are set forth in the opin-

ion of the Court of Appeals in State v. Sparks, supra."

The decision of the Court of Appeals is hereby affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.