529 P.2d 275

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Santiago Jim BAROS, Defendant-Appellant.**

**No. 1325.**

Court of Appeals of New Mexico.

Oct. 30, 1974.

Certiorari Denied Nov. 27, 1974.

Steven P. Michael, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

The defendant was convicted of second degree murder contrary to Section 40A–2–1(B), N.M.S.A.1953 (2d Repl.Vol. 6). He appeals alleging three points of error.

We affirm. The relevant facts may be summarized as follows. Sometime after 8:30 p. m. on December 2, 1972, the defendant, his wife, his brother and his brother's wife arrived at an Albuquerque lounge for an evening of dancing. During a break taken by the band shortly after midnight, defendant's party began socializing with the deceased and his party at the table occupied by the latter group. At resumption of music by the band, the deceased and defendant's brother excused themselves from the table and exited to the men's room so they could hear themselves talk. Soon thereafter the defendant got up from the table, went into the men's room and shot the deceased three times with a gun that he had carried concealed throughout the evening.

Following the administration of a psychiatric examination and psychological testing, a hearing on the issue of the de-

fendant's sanity was held on May 7, 1973. The trial court found the defendant competent to assist in the preparation of his own defense, to understand the difference between right and wrong and to stand trial.

■■■ *Point I:* "The trial court abused its discretion in admitting into evidence a portrait of the deceased, Ernest Martinez. Such evidence was irrelevant and immaterial to the state's case; prejudicial to the defendant." At issue here is a portrait photograph of the deceased taken approximately one month before his death. The court below allowed its admission for the purpose of identification only. The matter of the admission of photographs into evidence rests largely in the discretion of the trial court, and only in cases of abuse will its decision be set aside on appeal. State v. Victorian, 84 N.M. 491, 505 P.2d 436 (1973). We can find nothing on the record before us to indicate the photograph in question was distorted or otherwise calculated to prejudice the jury. We find, therefore, that the trial court did not abuse its discretion.

■■ *Point II:* "The case should be reversed and remanded for a new trial because evidence excluded by the trial judge was taken into the jury room and seen by the jurors." At issue is a small color photograph of the deceased, his wife and their son. Upon its tender in conference out of the hearing of the jury, the trial court refused to admit the photograph because he felt, "[it] might be prejudicial." In spite of the court's exclusion of the photograph, it was apparently not removed from the pile of exhibits that had been introduced and accepted; and the bailiff inadvertently delivered it to the jury room along with the other exhibits that were properly before them. The record on appeal includes an affidavit from the jury's foreman which states that the foreman and one other juror saw the photograph, and that none of the other jurors saw it. It was error for this picture of the deceased and his family to have been delivered to the jury room since it had not been admitted into evidence. The question remains whether this error requires reversal of defendant's conviction and a new trial.

Appellant argues that the verdict is tainted because a viewing of the photograph "by even one juror" raises "a very real possibility of miscarriage of justice." We disagree. The fact that the deceased was married and had a son was brought out in the unchallenged direct testimony of his mother. The deceased's widow, herself, testified and further informed the jury of the existence of her orphaned son. A portrait photograph of the deceased had been admitted. (See Point I, supra), and was properly before the jury. The prosecution provided numerous eyewitnesses to the circumstances immediately before and immediately following the shooting, and all of their testimony points to the defendant's guilt. The defendant's own brother testified to the actual shooting of the deceased by the defendant in the men's room. In light of the overwhelming evidence against the defendant, demonstrated by the record as a whole, we cannot find that any substantial right of the defendant was adversely affected from the viewing by two of the jurors of this photograph. State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938); N. M.R.Cr.P. No. 51. Appellant contends that we should be controlled by the holding of United States v. Adams, 385 F.2d 548 (2d Cir. 1967). In the *Adams* case, the Circuit Court of Appeals reversed a conviction in the trial court because writing by way of identification on a bag of cocaine was seen by the jury over the court's exclusion of it. The writing identified the defendant as the person from whom the cocaine had been confiscated, the circumstances of confiscation and so forth. The trial court had admitted the cocaine, itself, but had directed that the writing on the tag binding it should be covered because the writing amounted to a summary of the prosecution's case. We do not analogize the writing at issue in *Adams* with the photograph in the case now before us.

**Point III:** "The trial court erred in admitting into evidence the written confession of the defendant." Defendant, before giving the confession, was twice advised of his right to make no statement and his right to consult with counsel by two different officers. At the suppression hearing the trial court made full inquiry into the voluntariness of the confession and determined that the defendant had knowingly and intelligently waived his right to remain silent. It was, therefore, proper to submit the statement to the jury. State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971).

Affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., (dissents).

SUTIN, Judge (dissenting).

I dissent.

(A) *Showing an inadmissible photograph to the jury requires reversal or a remand to the trial court.*

The trial judge denied admission of the photograph because he felt it might be prejudicial. During the deliberations of the jury, the inadmissible photograph and other exhibits were delivered to the jury without the knowledge or consent of the defendant or his attorney.

Rule 42(c) of the Rules of Criminal Procedure, § 41–23–42(c), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.) provides:

Upon its request to review any exhibit during its deliberations, the jury shall be furnished all exhibits received in evidence.

State v. Beal, 48 N.M. 84, 146 P.2d 175 (1944) held that the transmission of exhibits to the jury after it retired to deliberate on its verdict, without knowledge or consent of the defendant or his counsel, constituted error as an improper communication between court and jury. In *Beal*, exhibits that had never been admitted into evidence were sent to the jury room. The Supreme Court held that, "transmission of the exhibits to the jury by the court . . . was a communication between the court and jury, and when done without the presence of appellant and his counsel, and without their knowledge and consent, it was error." 48 N.M. at 90–91, 146 P.2d at 179. Such error is presumptively prejudicial and is reversible. The burden is on opposing counsel to show that prejudice did not result from the error. 48 N.M. at 91–92, 146 P.2d 175.

In United States v. Adams, 385 F.2d 548, 550–551 (2nd Cir. 1967) the court said:

. . . But the principle that the jury may consider only matter that has been received in evidence is so fundamental that a breach of it should not be condoned *if there is the slightest possibility that harm could have resulted.* [Emphasis added.]

In *Beal*, the court stated:

. . . We might say, in passing, that the sending of exhibits . . . to the jury room to be considered by the jury during its deliberation, is a dangerous practice and should not be done, if at all, until the interested parties have had an ample opportunity to be heard upon the question.

The defendant had no opportunity to be heard upon the question. If this opportunity had been afforded defendant, the trial court might have polled the jury to determine whether the evidence was looked at in the jury room. If so, he could have declared a mistrial. See State ex rel. Pryor v. Smith, Fla.App., 239 So.2d 85, dismissed on appeal, 241 So.2d 398 (Fla.1970).

The trial judge refused to admit into evidence the photograph in question because it might be prejudicial. The question now is whether the photograph actually did "excite passion and prejudice" amongst the members of the jury. People v. Falkner, 389 Mich. 682, 209 N.W.2d 193, 194 (1973). If so, allowing the photograph to go to the jury room was reversible error. 209 N. W.2d at 194.

I agree with the trial judge that this photograph might be prejudicial. The least we can do on appeal is to remand the case to the trial court for a hearing and explicit determination as to whether the photograph did in fact prejudice the jury in its deliberations.