796 P.2d 603
STATE of New Mexico,
Plaintiff–Appellant,

v.

Frank C. ANDERSON,
Defendant–Appellee.

No. 10889.

Court of Appeals of New Mexico.

Nov. 7, 1989.

Certiorari Denied Dec. 12, 1989.

Hal Stratton, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Chief Judge.

The state appeals the suppression of evidence obtained as a result of the interception of a telephone conversation between defendant and another person. The evidence was suppressed pursuant to the district court's interpretation of NMSA 1978, Section 30–12–8(A) (Repl.Pamp.1984). We reverse.

## FACTS

Pursuant to a court order authorizing the interception, the state tapped a telephone belonging to a person suspected of trafficking illegal drugs. The state recorded conversations between the suspect and defendant, and, based on that information as well as observations by police officers, police arrested defendant and charged him with conspiracy to traffic cocaine. Defendant pled not guilty to the charge, and the case was remanded to magistrate court for a preliminary hearing. After the preliminary hearing had begun, defendant moved for a continuance. The purpose of the continuance was to allow defendant to file, in the district court,[1] a motion to suppress the wiretap evidence and evidence derived therefrom, due to the state's failure to provide defendant with a copy of the application for the wiretap and the court order authorizing the tap. Section 30–12–8(A) requires the state to provide those documents to defendant not less than ten days before any hearing, trial, or other proceeding at which the state plans to use the evidence obtained as a result of the tap. The state did not comply with that requirement in this case. After a hearing on the matter, the district court agreed with defendant that the material should be suppressed.

## DISCUSSION

■ Section 30–12–8(A) states that "[t]he contents of any intercepted wire * * * communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing or other proceeding * * * unless each par-

ty, not less than ten days before the trial, hearing or proceeding has been furnished with a copy" of the court order and application for interception (the statute allows an exception to the ten-day requirement, but that exception is not at issue in this case). The district court apparently interpreted this provision as requiring the automatic suppression of such evidence, not only for the proceeding at which the state proposed to use it but for all subsequent proceedings. The district court also apparently interpreted the provision as automatically precluding the state from taking any steps to cure the failure to provide defendant the necessary documents. We disagree with the district court's conclusions.

■ Section 30–12–8(A) is virtually identical to 18 U.S.C.S. Section 2518 n. 9 (1979), which is part of the federal statute concerning interception of communications. Federal cases discussing the ten-day disclosure requirement, therefore, are persuasive authority. *See Valles v. State*, 90 N.M. 347, 563 P.2d 610 (Ct.App.1977) (interpretations of similar federal statute, while not binding, are persuasive). The purpose of the timely disclosure provision is to afford an aggrieved party an opportunity to file a pretrial motion to suppress. *United States v. Melendez–Carrion*, 790 F.2d 984 (2d Cir. 1986); *United States v. Winter*, 663 F.2d 1120 (1st Cir.1981), *cert. denied*, 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1983).

The provision is not designed to give a defendant grounds for suppression of evidence at all subsequent proceedings in the case. Instead, it merely ensures that a defendant will have the opportunity to raise the substantive grounds for suppression provided by Section 30–12–8(B). *See id.* It does so by preventing the use of intercepted communications at a particular proceeding unless the defendant has had a reasonable opportunity, prior to that proceeding, to examine the application and order to ensure that they comply with applicable law. *Compare* § 30–12–8(A) (con-

---

1. We express no opinion on the procedural propriety of the district court's having entertained defendant's suppression motion. It seems, however, under our substantive interpretation of the statute, the magistrate could have determined whether to allow use of the wiretap evidence at the preliminary hearing.

tents of intercepted communications shall not be introduced into evidence or otherwise disclosed in any trial, hearing, or other proceeding, unless defendant has been provided appropriate documents at least ten days before the trial, hearing, or other proceeding) *with* § 30–12–8(B) (any aggrieved person may move to suppress the contents of any intercepted communications, on several substantive grounds). Thus, Section 30–12–8(A) precludes the use of the evidence at a particular hearing or trial, unless the defendant has had an opportunity to review the appropriate documents and to move to suppress the evidence. Section 30–12–8(B) precludes the use of such evidence at *any* proceeding involving the defendant.

Interpreting the provision as the district court did, and as defendant urges on appeal, would not carry out the purpose of the disclosure requirement. *See Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980) (a court must ascertain and give effect to the intention of the legislature in construing a statute). As we have stated, the purpose is to allow defendant the opportunity to examine the relevant materials to determine whether the communication was intercepted in accordance with law, before the evidence is used against him at a particular proceeding. The purpose is not to provide another means of suppressing intercepted communications, in addition to the substantive grounds provided in Section 30–12–8(B).

■ Federal courts have rejected a strict construction of the requirement, holding instead that where the purpose of the provision is satisfied, wiretap evidence may properly be used against a defendant. *See United States v. Berrios–Berrios,* 791 F.2d 246 (2d Cir.1986) (where wiretap transcripts had been used as evidence in a previous hearing, and defendant had opportunity to examine transcripts for over a month before bail hearing and thus to file motion to suppress, transcripts were properly allowed into evidence at bail hearing despite violation of Section 2518 n. 9); *cf. United States v. Accetturo,* 783 F.2d 382 (3d Cir. 1986) (where government used wiretap evidence at magistrate proceedings, without objection from defendant, defendant waived rights under Section 2518 n. 9 for later proceedings); *United States v. Winter* (stating, in alternate holding, that where defendant knew what information the government had he was not prejudiced by asserted violation of Section 2518 n. 9). The proper course of action for a court faced with a claim of violation of Section 30–12–8(A), therefore, is to decide whether the purposes of the statute have been or can be fulfilled so that the evidence can be used in the particular proceeding at issue, or whether the evidence should be excluded, but only from that proceeding.

As an illustration of how our interpretation of the statute operates, we turn to the facts of this case. Defendant appeared at a preliminary hearing, at which the state wanted to use evidence derived from intercepted communications. Defendant objected to the use of such evidence, because he had not been provided a copy of the application for and order authorizing the interception. The proper course of action for the court at that point would have been to decide whether defendant had such notice of the state's intent to use the wiretap evidence at the preliminary hearing as would give him reasonable opportunity to examine the application and file a motion to suppress if he believed the interception did not comply with law. If the court decided defendant did not have such notice, it then had at least two options: proceed with the preliminary hearing without the wiretap evidence and all evidence derived therefrom, or continue the preliminary hearing for sufficient time to allow defendant ten days to review the order and application and file a motion to suppress, if warranted. Assuming that the court chose to proceed with the preliminary hearing and the state presented sufficient evidence, excluding the wiretap evidence, to warrant a bindover order, the state could use the wiretap evidence at a later trial or hearing, if a proper and timely disclosure of the application and order was made to defendant.

■ The choice between proceeding with the hearing without the wiretap evidence,

or continuing the trial, hearing, or proceeding to allow the state an opportunity to cure the error, necessarily depends on factors such as the degree of negligence or bad faith on the state's part in failing to make the required disclosure to defendant, the amount of prejudice defendant will suffer if a continuance is granted, and the stage of the proceedings at which the matter arises. *Cf. State v. Pedroncelli*, 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981) (proper remedy for violation of constitutional right depends on facts of case). For example, where the state's negligence is great and the matter arises on the day of trial, as opposed to a prior proceeding, a court may be disinclined to continue the case and instead may decide to exclude the evidence and proceed with the trial. This decision is best left to the discretion of the trial court. *Cf. State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979), *overruled on other grounds, Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982). The court must weigh the competing interests of defendant and the state and determine which course of action will best carry out the purposes of the disclosure requirement contained in Section 30–12–8(A).

We note defendant's argument that Section 30–12–8(A) is mandatory, because it uses the word "shall," and that it therefore mandates suppression of evidence whenever the disclosure provision is violated. We disagree with defendant's argument for two reasons. (1) The provision does not say the evidence shall be *suppressed* if the required disclosure is not made. It says the evidence shall not be used at any proceeding unless, at least ten days before that proceeding, the required disclosure is made. This indicates a legislative intent to limit the exclusion to the particular proceeding. Moreover, the legislature knew how to authorize suppression of wiretap evidence. It used the word in Section 30–12–8(B). (2) Nothing in the statute appears to preclude courts from allowing the state to cure the error, where it can be done without prejudice to the defendant or to the judicial process, by continuing the proceeding and allowing the defendant a meaningful opportunity to file a motion to suppress.

Based on the foregoing, we reverse the district court's decision to suppress the state's evidence. Exclusion of the evidence from the preliminary hearing only, or continuing the preliminary hearing for the purpose of allowing defendant an opportunity to review the relevant materials and file a motion to suppress, were not options raised before the court. Although defendant obtained a continuance and filed a motion to suppress, which included some grounds other than the violation of Section 30–12–8(A), it does not appear that he had an opportunity to review the application and order. His motion contends that the state still had not provided copies of those documents, and nothing in the record or briefs indicates otherwise. Therefore, we remand this case to the district court for consideration of the proper course to follow under the facts of this case.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.